CASES IN THE SUPREME COURT

EASTERN DIS.
March, 1833.

FOSTER vs. KOKERNOT ET AL.

FOSTER
vs.
KOKERNOT
ET AL.   APPEAL FROM THE PARISH COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

In an action on a *quantum meruit* for work and labor, brought by one of the parties to a contract for that object, signed by him only, the other party may give the contract in evidence to prove the assent of the former to perform the work and labor at the stipulated price.

The facts of the case are stated in the opinion of the court, delivered by MARTIN, J.

The defendants resisted the plaintiff's claim on a *quantum meruit* for work done on their house, on the ground that the plaintiff and Patton undertook to perform the work (for which the plaintiff seeks remuneration,) by a written contract and for fixed prices, and bound themselves to complete it in two months; that they performed part of the work, for which they were paid, and abandoned the house and never came back to complete the rest of the work, for which the defendants claimed damages in reconvention.

There was judgment for the plaintiffs and the defendant appealed.

The record shows that Patton came in and disclaimed any right under the written contract mentioned in the defendant's answer.

Our attention is first drawn to a bill of exceptions to the opinion of the Parish Court, in rejecting the contract just mentioned, offered in evidence by the defendants for the purpose of counteracting the effect of the testimony of witnesses introduced to prove the value of the different pieces of work, by showing the price at which they were to be done, according to the written contract.

The objections to the introduction of this document in evidence were, that it was signed by the plaintiff and Patton, and not by the defendants also; that in this condition, it could not be received as the basis of the defendants' claim;

and therefore it ought not to be available to the defendants, on any other account. Further, that it was inadmissible, because it is evidence of a contract between different parties than those to the present suit.

In our opinion the Parish Court erred. The contract is certainly evidence of the consent of the plaintiff and Patton to perform the work for the prices mentioned; this suffices to render the evidence of this consent; the evidence of a fact from which it may be presumed that the prices were for compensations for the different parts of the work.

As the contract, however, is not conclusive evidence, and may be opposed or supported by other evidence, and the testimony does not enable us to establish the amount to which the plaintiff is entitled, it becomes necessary to remand the case for a new trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed, and the case remanded for a new trial, with direction to the judge to admit the document mentioned in the bill of exceptions in evidence; the appellee paying costs in this court.

*Preston*, for appellant.

*Roselius*, for appellees.

*Eastern Dis. March*, 1833.

In an action on a *quantum meruit* for work and labor, brought by one of the parties to a contract for that object signed by him only, the other may give the contract in evidence to prove the assent of the former to perform the work and labor at the stipulated price.